IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT D. SAYRE,

        Plaintiff,

v.

CUSTOMERS BANK,

        Defendant.

CIVIL ACTION
NO. 14-3740

## OPINION

**Slomsky, J.**                                                                                               **August 23, 2017**

## I.    INTRODUCTION

      Before the Court are two Motions for Attorney's fees filed by counsel for Plaintiff.[1] (Doc. Nos. 87, 89.) Counsel for Plaintiff has requested the award of attorney fees in view of the

---

[1] On June 19, 2017, Plaintiff's counsel filed a Motion for Attorney's Fees Pursuant to F.R.C.P. 54(d)(2). (Doc. No. 87.) On June 23, 2017, Plaintiff's counsel filed an Amended Motion for Attorney's Fees Pursuant to F.R.C.P. 54(d)(2) containing an amended itemization of time he spent in representing his client in this case. (Doc. No. 89.) The itemization was amended because:

> Plaintiff's undersigned counsel was in Florida on vacation and did not return to his office until late afternoon on June 14th, leaving only 3 work days to conduct legal research and draft the Motion for Attorney's Fees and related exhibits, including itemization of time exhibit;
>
> After timely filing the Motion for Attorney's fees on June 19, 2017, Plaintiff's counsel has continued to review the itemization of time, in relation to the case law cited in his Memorandum of Law filed in conjunction with this Motion.
>
> The amended itemization of time form is being submitted at this time in order to make additional adjustments to further reduce the claim for attorney's fees. The nature of these additional reductions are as follows:
>
> > a) no paralegal time is being charged, although there has been a substantial amount of paralegal time spent on this file;

Court's Opinion and Order dated June 5, 2017, entering judgment in favor of Plaintiff and against Defendant on Plaintiff's claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). For reasons that follow, the Amended Motion for Attorney's Fees (Doc. No. 89) will be granted in part and denied in part.

## II. BACKGROUND

On June 5, 2017, this Court issued an Opinion and Order entering judgment in favor of Plaintiff Robert D. Sayre and against Defendant Customers Bank. (Doc. Nos. 82, 83.) The Order stated that Plaintiff was entitled to receive $10,407.03 in actual damages, which was a trebled amount, plus prejudgment interest. (Doc. No. 83.) The damages consisted of legal and appraisal fees that were improperly charged by Defendant. (Doc. No. 83.) The Court directed "Plaintiff's counsel to follow Federal Rule of Civil Procedure Rule 54(d)(2) . . . [and] . . . submit an appropriate Motion for attorney's fees under this Rule." (Doc. No. 82 at 21.) The Court also instructed the parties to jointly calculate the appropriate prejudgment interest. (Id.) On June 15, 2017, the Court entered a Final Order as follows:

> Judgment is entered in favor of Plaintiff Robert D. Sayre and against Defendant Customers Bank on Count II of the Amended Complaint alleging a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection [Law] (Doc. No. 22) in the amount of $10,407.03 plus pre-judgment interest in the amount of $817.95, for a total judgment in the amount of $11,224.98, plus reasonable attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2).

---

b) Attorney time has also been reduced, and a 25% reduction in fee has been applied to arrive at a more proportional fee, as related to the treble damage award in this case. This reduction is also being applied to take into account that it is difficult to parse out legal time between the successful UTPCPL claim and the other [sic] claims that had been dismissed.

(Id. at 1-2.) Because Plaintiff's counsel filed an Amended Motion for Attorney's Fees (Doc. No. 89), Plaintiff's first Motion for Attorney's Fees will be denied without prejudice as moot. (Doc. No. 87.)

(Doc. No. 86.)  Thereafter, on June 19, 2017, Plaintiff's counsel filed the Motion for Attorney's Fees Pursuant to F.R.C.P. 54(d)(2).  (Doc. No. 87.)  On June 23, 2017, Plaintiff's counsel filed the Amended Motion for Attorney's Fees.  (Doc. No. 89.)

In the Amended Motion for Attorney's fees Plaintiff's counsel, James E. Crossen, Esquire, describes the hours he worked on this case, albeit trying as best he could to focus on his work on the UTPCPL claim.  From August 19, 2014, the time he started to work on the case to April 23, 2015, the period before the Motion to Dismiss was decided, Mr. Crossen billed for 65.5 hours of work.  (Doc. No. 89-1 at 1-9.)  He also billed for 81 hours of work he spent on this case following the May 29, 2015 decision on the Motion to Dismiss to April 8, 2016, the date when the parties stipulated to dismissal of one of the remaining Counts in the Amended Complaint. (Id. at 9-18; see also Doc. No. 59.)  Mr. Crossen billed for an additional 89.2 hours between April 11, 2016, after the stipulation was entered into, and September 16, 2016, the date when the Motion for Summary Judgment was decided.  (Id. at 18-23.)  Finally, Mr. Crossen billed for 62.95 hours for work performed on this case following the Court's Opinion and Order on the Motion for Summary Judgment.  (Id. at 23-25.)[2]

---

[2] In the Amended Motion for Attorney's Fees, Plaintiff's counsel stated that the total attorney time billed was "296.45."  (Doc. No. 89-1 at 26.)  However, after reviewing the submission, the Court independently added up the total number of hours billed from August 19, 2014 until June 15, 2017 and found them to be 298.65 hours.  The 2.2 hour shortage in the total number of hours is not material to the Court's overall final award for attorney's fees.  Therefore, the Court used the total number of hours submitted by Plaintiff's counsel, 296.45.  (See Doc. No. 89-1 at 26.)  See also infra, n.4.

On July 10, 2017, Defendant filed its Opposition to Plaintiff's Amended Motion for Attorney's Fees Pursuant to F.R.C.P. 54(d)(2). (Doc. No. 93.) Plaintiff's Amended Motion for Attorney's Fees is now ripe for disposition.[3]

## III.   ANALYSIS

In the Amended Motion for Attorney's Fees, Plaintiff's counsel seeks payment for $55,584.38, which he represents was for 296.45 hours of time spent on the UTPCPL claim in this case.[4] (Doc. No. 89-1 at 26.) Plaintiff's counsel applied a 25% reduction in fees in reaching this amount. (Id.) In addition to the overall reduction, Plaintiff's counsel also deleted 131.60 hours of attorney and paralegal time that was claimed in the initial Motion for Attorney's Fees (Doc. No. 87 at 2-4). (Id.)

Defendant disagrees with Plaintiff's calculations and contends that Plaintiff's counsel's fees are excessive. Defendant argues that "[g]iven that the first 42 paragraphs, of the Amended Complaint's 54 paragraphs of facts, never touches upon any matters relating to the UTPCPL, it stretches the imagination how 75% of time expended was conveniently directed to the prevailing claim." (Doc. No. 93 at 2.) Defendant noted that Plaintiff had four claims dismissed at the Motion to Dismiss stage of the litigation, one claim stricken by stipulation of the parties before the Summary Judgment phase of litigation, and one claim dismissed at the Summary Judgment stage. (Id.) This left only one remaining claim, the UTPCPL claim. As noted above, Plaintiff

---

[3] In reaching its decision, the Court considered the Amended Motion for Attorney's Fees Pursuant to F.R.C.P. 54(d)(2) (Doc. No. 89), Defendant's Response in Opposition to Plaintiff's Amended Motion for Attorney's Fees (Doc. No. 93), the Opinion and Order issued June 5, 2017 (Doc. Nos. 82, 83), and the Final Order of Judgment entered on June 15, 2017 (Doc. No. 86).

[4] Plaintiff's counsel states that the total attorney time spent on the UTPCPL claim was 296.45 hours. (Doc. No. 89-1 at 26.) "296.45 hours multiplied by $250 is $74,112.50." (Id.) Plaintiff's counsel then applied a 25% reduction to arrive at the requested amount of $55,584.38. (Id. ("$74,112.50 multiplied by 75% is $55,584.38").)

4

was successful on this claim and judgment was entered in his favor in the amount of $10,407.03, which again consisted of actual damages that were trebled, plus interest.

Because Plaintiff prevailed on the UTPCPL claim alleged in Count II of the Amended Complaint, this Court may grant him an award of reasonable attorney's fees under Section 201-9(a):

> (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

Pa. Cons. Stat. Ann. § 201-9(a). In the Amended Motion for Attorney's Fees, Plaintiff's counsel adhered to the requirements of Federal Rule of Civil Procedure 54(d)(2):

> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>
>> (i) be filed no later than 14 days after the entry of judgment;
>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>> (iii) state the amount sought or provide a fair estimate of it; and
>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2).[5] For reasons that follow, as noted above, Plaintiff's counsel's Amended Motion for Attorney's Fees (Doc. No. 89) will be granted in part and denied in part.

---

[5] The Court also notes that Plaintiff's counsel has attempted in good faith to follow the instruction set out in Hensley v. Eckerhart that "[c]ounsel for the prevailing party should make

In Sewark v. Lockhart, a prevailing Plaintiff appealed the trial court's award of $5,000 in attorney's fees, even "when . . . presented [with] contradicted expert testimony at an evidentiary hearing in support of an amount exceeding $22,000." 699 A.2d 755, 762 (Pa. Super. Ct. 1997). The court held that an award of

> attorney's fees will not be disturbed on appeal absent a clear abuse . . . [and that] a lawsuit which included claims under the UTPCPL, a panel of this Court held that the following factors should be considered when assessing the reasonableness of counsel fees:
>
> (1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite to properly conduct the case;
>
> (2) The customary charges of the members of the bar for similar services;
>
> (3) The amount involved in the controversy and the benefits resulting to the clients from the services; and
>
> (4) The contingency or certainty of the compensation.

Id. (citing Croft v. P. & W. Foreign Car Service, 557 A.2d. 18, 20 (Pa. Super. Ct. 1989)). The court also reiterated the ruling in Croft, that a "jury award should not serve as a cap or ceiling on the amount of counsel fees awarded to the prevailing party's attorney." Id. at 763.

More recently, in McCauslin v. Reliance Finance, the Superior Court of Pennsylvania held that no attorney's fees could be awarded in a UTPCPL case for claims when the plaintiff was not successful. 751 A.2d 683, 686 (Pa. Super. Ct. 2000). "[A]lthough the Act does allow the Court to impose up to treble damages for actual damages sustained, it does not otherwise confer a right to punitive damages. As such, we can see no statutory authority for awarding attorney's fees for time spent pursuing these counts." Id. More specifically, the court in

---

> a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." 103 S. Ct. 1933, 1939-40 (1983).

McCauslin found that no evidence existed to award the large amounts of attorney's fees requested.

> Although the UTPCPL allows for the recovery of "reasonable" attorney's fees, there is no indication this measure was intended to provide a claimant or his attorney with a windfall or bonanza should he or she be successful. Instead, it is far more in keeping with the intent of the legislation that the claimant be made whole and not have to diminish his recovery paying attorney's fees.
>
> Additionally, while we may have indicated in Croft that the amount of a jury award should not act as a cap on the award of attorney's fees, nevertheless, the term "reasonable" does impart a sense of proportionality between an award of damages and an award of attorney's fees. In the present case, an award of attorney's fees that is in excess of twice the jury award for actual damages certainly raises a question whether the fee award was "reasonable" or not. In our opinion, an attorney who expected to be paid well over $10,000 on a case where the recovered damages sustained were only $5,000, without such an understanding upfront would be unreasonable.
>
> * * *
>
> Nevertheless, while not wishing to chill consumers from pursuing legitimate legal recourse under the UTPCPL, we are hesitant to create an environment where attorneys know they can, and are, in fact, encouraged to, expend extensive time on relatively small cases in order to receive a large award of attorney's fees from "deep pocket" defendants. There is no indication that the UTPCPL was meant to be a vehicle for obtaining hefty legal fees from merchants, particularly when there is less than compelling evidence of intentional misconduct or bad faith.

Id. at 686.

Here, Plaintiff initially filed a ten count pro se Complaint against Defendant. On June 16, 2014, this case was removed to this Court. (Doc. No. 1.) On August 29, 2014, Plaintiff's counsel, James E. Crossen, Esquire, entered his appearance and filed a Motion to Amend/Correct the Complaint. (Doc. Nos. 12, 13.) On October 7, 2014, Plaintiff filed an Amended Complaint. (Doc. No. 22.) At the Motion to Dismiss stage of the litigation, four counts of the Amended Complaint were dismissed. (Doc. Nos. 45, 46.) On April 8, 2016, the parties stipulated that another count should be dismissed. (Doc. No. 48.) Finally, on September 16, 2016, the Court

7

granted Defendant's Motion for Summary Judgment on Count I of the Amended Complaint (Doc. No. 74, 75), leaving only Count II of the Amended Complaint, the UTPCPL claim.

Plaintiff was successful on one of his seven claims. Stated differently, Plaintiff succeeded on 14% of the claims that he filed in this case. He now claims that he should receive $55,584.38 in attorney's fees. The Court does not agree.

In <u>Hensley v. Eckerhart</u>, the Supreme Court held that where

> a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable to bring a lawsuit or wherever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.
>
> * * *
>
> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making equitable judgment.

103 S.Ct. at 1941.

The Court will follow the precedent set out in <u>Sewark</u>, <u>McCauslin</u>, and <u>Hensley</u> and will award sufficient attorney's fees that do not create a windfall. Plaintiff requests attorney's fees that are more than five times the damages awarded in this case. As set forth in <u>McCauslin</u>, attorney's fees this high raise a "question as to whether the fee was reasonable or not," and as such, the Court will not award fees of this magnitude.

The Court will in its discretion award Plaintiff's counsel attorney's fees in the amount of $25,699.22, which represents a fair amount that was billed on the successful claim as calculated

by the Court. The Court calculated this fee award as follows.[6] First, the Court will award fees associated with the successful pursuit of the UTPCPL claim from September 16, 2016, the date of the entry of the Opinion and Order on the Motion for Summary Judgment, through trial to June 15, 2017, which is the final date entry on Plaintiff's submission ("Review Order on Interest"). (Doc. No. 89-1 at 23-25.) During this period, the only claim remaining was the UTPCPL claim. These fees cover 62.95 hours at a rate of $250 an hour for a total of $15,737.50. This is a reasonable hourly rate to charge in this case based upon the affidavit of Frederick J. Fanelli, Esquire, which states that "[w]hile most personal injury cases involve contingent fee agreements, an hourly rate exceeding $250/hr. would not be unusual, particularly in Philadelphia, Pennsylvania." (Doc. No. 87-2 at ¶ 5.)

Next, $15,737.50 will be subtracted from the requested fees of $55,584.38, leaving the balance of $39,846.88. The amount of $39,846.88 represents the work performed by Mr. Crossen from the time he started to work on the case until the time the Motion for Summary Judgment was decided.[7] Although Plaintiff prevailed on only one of seven claims, or about 14% of the claims, the Court will exercise its discretion and award Mr. Crossen 25% of the remaining amount because of the amount of time expended in pursuing this case on behalf of Plaintiff and the fact that it is too difficult to segregate the hours spent on pursuing the UTPCPL claim from the hours spent on the other claims. Twenty-five percent of $39,846.88 is $9,961.72. When $9,961.72 is added to $15,737.50, the total amount of the award for attorney's fees is $25,699.22.

---

[6] As the court in noted McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, "[a] district court may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application,' and the Supreme Court has been careful to note that only those hours 'reasonably expended' are to be awarded." 450 F.3d 91, 96 (2d Cir. 2006) (internal citations omitted).

[7] On August 29, 2014, Mr. Crossen entered his appearance on behalf of Plaintiff. (Doc. No. 12.) In Plaintiff's submission, it indicates that Mr. Crossen started billing for work starting on August 19, 2014. (Doc. No. 89-1 at 1.)

The amount of $25,699.22 comports with the Court's consideration of the factors set forth in Sewark noted above. First, the Court has considered the time and labor required in pursuing the UTPCPL claim, its novelty and the unique theory of liability applied to the violation of the UTPCPL, and the skill Mr. Crossen brought to his representation. See Sewark, 699 A.2d at 762. Further, the only claim left after the Motion for Summary Judgment was the UTPCPL claim. Therefore, from summary judgment through trial and the claim for interest, all the required labor was on the UTPCPL claim.

Moreover, the Court has considered the contingency or certainty of compensation. Plaintiff states that:

> In this case, the Plaintiff paid counsel $5,000 as a retainer. The total legal fee that was agreed to is "the greater of 40% of damages recovered; or an amount based upon a hourly rate of $250 to the extent permitted by law for statutory claims arising under Act 6 and/or Pa's UTPCPL." The deposit of $5,000 is to be credited in calculating the attorney's fees. The Plaintiff also agreed to be responsible for costs of the case. Thus, the $5,000 retainer was certain, but the total fee was uncertain based upon the outcome of the case.

(Doc. No. 87-3 at 6.)[8] Here, counsel assumed the risk that for a large amount of work, he would only receive 40% of any recovered damages if there were no statutory fees awarded, or an equivalent or greater amount if he was awarded statutory fees. Thus, there was a degree of risk in this case if the amount of damages awarded was small and if no statutory fees were approved. Under this scenario, Plaintiff's counsel assumed the risk of a fee that would not fully compensate him for hours spent in pursuing a successful claim. This risk contributes to the Court's decision to use the 25% calculation.

---

[8] The Court is assuming this excerpt from Plaintiff's Memorandum (Doc. No. 87-3 at 6) is the fee agreement, because no actual fee agreement was attached to the Motion.

Finally, the Court has considered the amount in controversy as set forth in the Opinion on the Motion for Summary Judgment (Doc. No. 74), the amount of success on the UTPCPL claim, and the uncertainty of compensation to counsel had Plaintiff not prevailed in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will exercise its discretion and will grant in part and deny in part the Amended Motion for Attorney's Fees. (Doc. No. 89.) The Motion will be granted to the extent of awarding James T. Crossen, Esquire, attorney's fees totaling $25,699.22 and will be denied as to any amount requested above this award. An appropriate Order follows.